UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C.M.O., A MINOR, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN MATEO, et al.,<br><br>    Defendants. | Case No. 19-cv-02992-SI<br><br>**ORDER RESOLVING JOINT DISCOVERY DISPUTE LETTER NO. 1**<br><br>Re: Dkt. No. 43 |

On April 28, 2020, the parties in the above action submitted a joint discovery dispute letter asking the Court to resolve issues relating to 18 third party subpoenas. Dkt. No. 43. Defendants seek documents and information from Mr. Okobi's employer's, educational institutions, and medical and mental health providers, at times dating as far back as 2004. Dkt. No. 43 at 2; Dkt. No. 45. Defendants argue the subpoenas are proper and relevant to discovery (1) regarding damages, (2) corroborating the deputies' perception of Mr. Okobi shortly before his death, (3) explaining Mr. Okobi's conduct shortly before his death, and (4) helping to explain Mr. Okobi's cause of death. Dkt. No. 43 at 2-3

Plaintiff C.M.O., Mr. Okobi's 12-year-old daughter represented by her natural mother and guardian ad litem Mi'Trease Johnson, argues the subpoenas are overbroad and seek irrelevant information. Dkt. No. 43 at 3-4. The Court agrees in part.

On May 4, 2020, the Court ordered the parties to submit the contested subpoenas for the Court's review. Dkt. No. 44. There are 18 disputed subpoenas: (a) 5 subpoenas to Mr. Okobi's former employers; (b) two subpoenas to Mr. Okobi's educational institutions; and (c) and 9 subpoenas to Mr. Okobi's various medical and mental health providers. Dkt. No. 45.

First, plaintiff's complaint alleges, in two places, that she is seeks damages for loss of Mr. Okobi's earning capacity. See Dkt. No. 41 ¶¶ 67, 75. Thus, information from Mr. Okobi's former employers are relevant regarding those damages. **If plaintiff wishes to amend her complaint and choose not to seek such damages she may do so on or before June 1, 2020**. If plaintiff does not amend her complaint to remove those damages then the subpoenas to Mr. Okobi's former employers are proper.

Second, the Court agrees with plaintiff that the subpoenas to Mr. Okobi's educational institutions are overbroad and not calculated to lead to discovery of admissible evidence. Those subpoenas are hereby quashed in their entirety.

Third, while the Court agrees defendants are entitled to some information regarding Mr. Okobi's medical and mental health information, the sweeping and unqualified scope of the subpoenas as currently presented are overbroad. Defendants may seek information and documents regarding Mr. Okobi's medical history dating back to 2015

**IT IS SO ORDERED**.

Dated: May 11, 2020

SUSAN ILLSTON
United States District Judge